(70 Misc. Rep. 326.)

### HEATON v. GRISWOLD et al.

(Supreme Court, Special Term, New York County.   January, 1911.)

ACKNOWLEDGMENT (§ 36*)—CERTIFICATE—SUFFICIENCY—RESIDENCE OF WIT-
NESS.

Under the statute in force in 1893, requiring the certificate of acknowl-
edgment made by a subscribing witness to a deed to state the witness'
place of residence, where it appeared from the deed itself that the gran-
tor resided in New Jersey, a certificate stating that the acknowledging
witness "resides in the city of Bergen, in the state," the name of the
state being omitted, was sufficient, though when the acknowledgment was
taken the former city of Bergen, in New Jersey, had been consolidated
with Jersey City.

[Ed. Note.—For other cases, see Acknowledgment, Cent. Dig. §§ 181,
182; Dec. Dig. § 36.*]

Action by Mary Adelaide Heaton against Almon W. Griswold and
others.   On motion to compel purchaser at judicial sale to complete
his purchase.   Motion granted.

Mornay Williams, for plaintiff.
C. H. & J. A. Young, for Almon W. Griswold.
Lynn C. Norris, for purchaser.

SCUDDER, J.   Motion to compel a purchaser at a judicial sale
to complete his purchase.   The purchaser claims that the title is
doubtful and unmarketable by reason of a defective acknowledgment
in a deed in the chain of title.

The acknowledgment which is questioned was taken in 1893, in
the city, county, and state of New York, and was made by a sub-
scribing witness.   The statute then in force required the certificate
of such an acknowledgment to state the witness' place of residence.
The certificate in question states that the acknowledging witness "re-
sides in the city of Bergen, in the state"; the name of the state being
omitted.   Although at the time when the acknowledgment was taken
the former city of Bergen, in the state of New Jersey, had been con-
solidated with Jersey City, nevertheless the locality of the former city
remained a matter of general knowledge, and the name Bergen, or
city of Bergen, continued to be used to a greater or less extent in de-
scribing such locality.   It also appears from the deed itself that the
grantor named therein resided in New Jersey, at Hackensack.

From these facts and circumstances, it seems to me that the cer-
tificate sufficiently describes the place of residence of the acknowledg-
ing witness, or at least sufficiently furnishes information from which
it may be ascertained.

Motion granted.   Settle order on notice.